UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVARO CHAVEZ, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No.  C09-1202-MJP-BAT <br> CR89-83-WD <br><br> **REPORT AND RECOMMENDATION** |

Petitioner Alvaro Chavez is a federal prisoner who is currently confined at the Rivers Correctional Institution in Winton, North Carolina.  Petitioner was convicted in this court in 1992 on charges of conspiracy to import cocaine, possession of cocaine while on board an aircraft, importation of cocaine, and possession with intent to distribute cocaine.  He was sentenced to a term of 324 months confinement.  Petitioner now moves for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) of Title 18 provides as follows:

> (c)    **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–
> . . . .
> (2)    in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court

REPORT AND RECOMMENDATION
PAGE - 1

may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner cites to Amendment 591 of the United States Sentencing Guidelines as the amendment which he believes qualifies him for a reduction pursuant to § 3582(c)(2).  He argues that Amendment 591 modified §2X1.1 of the guidelines and that that modification entitles him to a three-level reduction in his offense level.  Petitioner's argument is without merit.

Section 2X1.1 is the section of the guidelines applicable to attempt, conspiracy, and solicitation offenses.  As noted above, petitioner was convicted of a conspiracy offense.  Section 2X1.1(b)(2) specifically addresses calculation of the base offense level for conspiracy offenses.  That section provides as follows:

> If a conspiracy, decrease [the base offense level] by 3 levels, unless the defendant or a coconspirator completed all the acts the defendant believed necessary for successful completion of the substantive offenses or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

As the government correctly points out in its response to petitioner's motion for reduction of sentence, §2X1.1(b)(2) has not changed since the time of petitioner's sentencing in 1992.  Had petitioner qualified for the three-level reduction under §2X1.1(b)(2) at the time of his sentencing, it would have been available to him.  Petitioner simply did not qualify for such a reduction.

The "background" provided in the Commentary for §2X1.1 explains as follows:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim.  In such cases, no reduction of the offense level is warranted.  Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense.  Under such circumstances, a reduction of 3 levels is provided under §2X1.1(b)(1) or (2).

REPORT AND RECOMMENDATION
PAGE - 2

1         The record makes clear that petitioner was not convicted solely of a conspiracy offense,

2 he was also convicted of three substantive offenses.  Section 2X1.1 was therefore not relevant to

3 petitioner's guideline calculation.[1]  Petitioner's offense level was properly calculated under

4 §2D1.1 of the guidelines.  (*See* Dkt. No. 11 at 9.)  Amendment 591 did not in any way alter

5 §2D1.1.

6      As the amendment cited by petitioner did not, in fact, lower his sentencing range,

7 petitioner's motion for reduction of sentence must be denied.  A proposed order accompanies

8 this Report and Recommendation.

9        DATED this 15th day of April, 2010.

                                             /s/ _____

                                             BRIAN A. TSUCHIDA
                                             United States Magistrate Judge

---

[1] Petitioner also appears to argue in support of his claim that he is entitled to a sentence reduction under Section 2X1.1 that he did not complete the acts necessary for the substantive offense and that the guideline provisions applicable to conspiracy offenses should therefore apply to him.  However, § 3582(c)(2) does not provide petitioner an avenue to challenge the validity of his convictions on the substantive offenses.

REPORT AND RECOMMENDATION
PAGE - 3